BYBEE, Circuit Judge,
concurring in part and dissenting in part, but frustrated with the whole endeavor:
In Mathis, the Supreme Court promised that “[the] threshold inquiry—elements or means?—is easy in this case, as it will be in many others.” Mathis v. United States, — U.S. —, 136 S.Ct. 2243, 2256, 195 L.Ed.2d 604 (2016); see also Descamps v. United States, — U.S. —, 133 S.Ct. 2276, 2285 n.2, 186 L.Ed.2d 438 (2013) (“[I]f the dissent’s real point is that distinguishing between ‘alternative elements’ and ‘alternative means’ is difficult, we can see no real-world reason to worry.”). Six years ago I wrote: “In the twenty years since Taylor [v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)], we have struggled to understand the contours of the Supreme Court’s framework. Indeed, over the past decade, perhaps no other area of the law has demanded more of our resources.” United States v. Aguila-Montes de Oca, 655 F.3d 915, 917 (9th Cir. 2011) (en banc) (citing nine prior en banc decisions of our court addressing the categorical/modified categorical framework), overruled by Descamps, 133 S.Ct. 2276.
The case before us is not easy, and does not bode well for the Supreme Court’s conclusion that “indeterminacy should prove more the exception than the rule.” Mathis, 136 S.Ct. at 2257. In my view, California Health and Safety Code § 11352(a) functions as a new form of a “wobbler” statute in regards to the actus reus: sometimes the acts listed are treated as elements, as outlined in Judge Tail-man’s majority opinion, and other times they are treated as means, as explained in Judge Berzon’s partial dissent. I cannot say conclusively whether § 11352 identifies elements or means—which is not surprising, since the “elements-means” distinction is largely a recent creation by the Court. *1059 Having failed to satisfy the “demand for certainty” required to conclude that this statute identifies elements, Mathis, 136 S.Ct. at 2267 (quoting Shepard v. United States, 544 U.S. 13, 21, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)), the sentence enhancement cannot stand.
I respectfully dissent from the actus reus portion of the majority opinion.